# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| EBONY T. JOHNSON,<br>　　　Plaintiff,<br><br>　　　v.<br><br>ATRIA SENIOR LIVING GROUP,<br>INC. and ATRIA MANAGEMENT<br>COMPANY, LLC,<br>　　　Defendants. | CIVIL ACTION NO.<br>3:09cv2120 (SRU) |

## RULING ON MOTIONS TO COMPEL RELEASE OF PLAINTIFF'S RECORDS AND FOR PROTECTIVE ORDER OF CONFIDENTIALITY

The defendants, Atria Senior Living Group, Inc. and Atria Management Company, LLC (collectively, "Atria"), move for a court order compelling the Veterans Administration CT Healthcare System ("VA") to release to Atria's counsel "copies of all records, reports, correspondence, notes, memoranda, invoices or other documents relating to all treatments, examinations, diagnoses, counseling, testing, prescribed medications and/or medical services provided to Plaintiff," Ebony T. Johnson. (Doc. # 61.) Atria has also moved for a protective order that would render all such VA documents confidential and restrict who may access them and for what purposes. (Doc. # 62.) Johnson has not opposed Atria's motions.

The Secretary of Veterans Affairs may disclose a veteran's medical records:

> If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient or subject, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure.

38 U.S.C. § 7332(b)(2)(D). Atria has demonstrated good cause supporting the disclosure of Johnson's documents. As a part of her claimed damages, Johnson alleges that Atria caused her

emotional distress that ultimately led her to seek treatment from the VA. Her VA records are discoverable because they are "relevant to [a] party's claim or defense" and are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The disclosure of confidential VA medical records to a third party does threaten injury to Johnson. But Atria's proposed protective order imposes "appropriate safeguards against unauthorized disclosure." 38 U.S.C. § 7332(b)(2)(D). Among the safeguards it provides, the protective order (1) designates all produced VA records as confidential; (2) limits the disclosure of those records to parties, counsel of record, employees of counsel necessary to assist in the litigation, consultants or experts to the extent counsel deems them necessary, persons testifying in this action (and only during and in preparation of their testimony), and the court or the jury at trial or as exhibits to motions; and (3) requires that the records be kept in a separate and secure file or storage system and, if they are introduced before the court, that they be sealed upon a motion or in accordance with applicable law. (Doc. # 62.)

Atria's motion to compel (doc. # 61) is GRANTED. The VA shall release Johnson's medical records to Atria in accordance with Atria's subpoena dated February 16, 2011. Atria's motion for a protective order (doc. # 62) is also GRANTED. All released VA records are subject to the protective order's rules and restrictions.

Finally, in order to permit adequate time for the parties to obtain the VA documents and conduct subsequent discovery, the discovery deadline is extended to June 27, 2011.

It is so ordered.

Dated at Bridgeport, Connecticut, this 17th day of May 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge